Anthony J. Viola (AV-7366)
Andre K. Cizmarik (AC-6470)
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Plaintiff
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IP HOLDINGS LLC,

        Plaintiff,

    v.

SIERRA FASHION GROUP, INC.,

        Defendant.

-----------------------------------------------------------------x

No. 07 CV _____

**COMPLAINT**

**Plaintiff demands trial by jury**

Plaintiff IP Holdings LLC ("IP Holdings"), through its undersigned counsel, hereby alleges as follows, on personal knowledge as to its own acts and otherwise on information and belief:

1. Plaintiff IP Holdings is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Wilmington, Delaware.

2. Upon information and belief, defendant Sierra Fashion Group, Inc. is a New York corporation with its principal place of business in New York, New York. It designs, manufactures and sells, inter alia, mens' sportswear.

3. On or about September 20, 2004, Rampage Licensing LLC ("Rampage") entered into a license agreement (the "Agreement") with defendant whereby defendant was licensed the right to use the trademarks RAMPAGE® and R-WEAR® for the design, manufacture and sale of

various men's sportswear merchandise, on certain terms and conditions, including inter alia the payment of royalties.

4. On or about August 1, 2005, the Agreement was amended to change, inter alia, the date on which various payments were due.

5. Thereafter, on or about September 16, 2005, Rampage assigned all rights and interest in the Agreement to IP Holdings.

6. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this case is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(a)(1) because jurisdiction in this case is premised solely on diversity jurisdiction and because this is the district where the defendant resides.

## COUNT I
### (Breach of Contract)

8. Pursuant to the Agreement, defendant was obligated to make a guaranteed minimum royalty payment and to pay a guaranteed minimum advertising royalty during various times throughout the term of the Agreement, including payments totaling $80,000 on January 1, 2007.

9. Defendant failed to make one or more payments required under the Agreement.

10. In conformity with the Agreement, IP Holdings sent a notice of default letter dated March 15, 2007 to defendant advising it of the default under ¶ 11(b)(i) of the Agreement.

11. More than 10 days elapsed since the receipt of the notice of default letter without defendant curing the default or making any effort to do so.

12. Thereafter, on April 9, 2007, IP Holdings confirmed termination of the Agreement. This letter was received by defendant on April 10, 2007.

13. As a result of said default, all payments due under the Agreement were accelerated and immediately became due and owing.

14. The amounts due under the Agreement, and as a result of said default, are at least $640,000.

15. Also as a result of said default, defendant was required, inter alia, to provide a full accounting of all orders for all: (i) Merchandise (as defined in the Agreement) that defendant had accepted; (ii) Merchandise in production; and (iii) inventory of Merchandise in defendant's possession or control.

16. Defendant has breached the Agreement by failing to make the required accounting and the required payment.

17. Plaintiff has fulfilled all of its contractual obligations under the Agreement.

18. Plaintiff has suffered actual damage in a sum to be proved at trial, but not less than $640,000, exclusive of interest and other damages.

## COUNT II
### (Declaratory Judgment)

19. Plaintiff realleges and incorporates each of the foregoing paragraphs of the complaint.

20. An actual justifiable controversy between plaintiff and defendant exists with respect to the matters set forth herein, as to which plaintiff is entitled to have a declaration of its rights and further relief as set forth herein.

270410_2

21. Pursuant to ¶11(b) of the license agreement, defendant's failure to cure the default within 10 days of the receipt of the notice resulted in automatic termination of the Agreement without further notice.

22. Notwithstanding the fact that plaintiff was not required to send further notice that the Agreement had been terminated, on or about April 9, 2007 IP Holdings sent a notice of termination letter to defendant advising it that the Agreement had been terminated.

23. Plaintiff is entitled to have a judgment entered declaring that: (i) the Agreement is terminated as of March 26, 2007; (ii) defendant has no rights or interest in the trademarks RAMPAGE® and R-WEAR®; and (iii) plaintiff is entitled to an accounting as set forth in the Agreement.

## COUNT III
### (Attorneys Fees Under the Contract)

24. Plaintiff realleges and incorporates each of the foregoing paragraphs of the complaint.

25. Pursuant to the subparagraph (f) of the General Provisions paragraph of the Agreement (at page 22), plaintiff is entitled to reasonable attorneys fees and litigation expenses in connection with this litigation.

26. As a result of defendants' acts and omissions, plaintiff has been required to retain the services of counsel to represent it in this matter, and plaintiff has been forced to incur and is presently incurring attorneys fees and litigation expenses in order to enforce its contract rights.

27. These attorneys fees and litigation expenses are necessary and reasonable in order to prosecute this matter.

28. Plaintiff is entitled to award of attorneys fees and litigation expenses under the Agreement, in an amount to be proved at the conclusion of this matter.

WHEREFORE, plaintiff IP Holdings LLC demands judgment of defendant Sierra Fashion Group, Inc. for: (i) such actual and punitive damages as it shall prove at trial, together with interest; (ii) a declaratory judgment that the Agreement is terminated, that defendant has no rights or interest in the trademarks RAMPAGE® and R-WEAR® and that plaintiff is entitled to an accounting; (iii) a permanent injunction prohibiting defendant from using the trademarks RAMPAGE® and R-WEAR® in connection with the manufacture, distribution, advertising, promotion, offer for sale and/or sale of any products or merchandise; (iv) an order directing defendant to account to plaintiff; (v) an award of attorneys fees and litigation expenses; (vi) all costs and disbursements of this action; and (vii) such other and further relief in favor of plaintiff and against defendant that the Court deems just and proper.

Dated:  June 7, 2007

EDWARDS ANGELL PALMER & DODGE LLP

*/s/ Andre K. Cizmarik*

Anthony J. Viola (AV-7366)
Andre K. Cizmarik (AC-6470)
Attorneys for Plaintiff
750 Lexington Avenue
New York, NY  10022
(212) 308-4411