# EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue  New York, NY  10022  212.308.4411  *fax* 212.308.4844  eapdlaw.com

Andre K. Cizmarik
212.912.2731
*fax* 888.325.9598
acizmarik@eapdlaw.com

March 11, 2008



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/08

**VIA HAND DELIVERY**

Hon. Lewis A. Kaplan
United States District Court
    Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
Mailroom
500 Pearl Street
New York, New York  10007

**MEMO ENDORSED**
07cv4848(LAK)

Re:  IP Holdings LLC v. Sierra Fashion Group, Inc. (LAK) (GWG)

Dear Judge Kaplan:

We represent plaintiff IP Holdings LLC and write to request a pre-motion conference in order to seek permission to file a motion to compel discovery, or alternatively a motion to strike defendant's Answer.

This is a straight-forward breach of contract case arising from defendant's failure to pay approximately $100,000 in royalties pursuant to a license agreement. On July 20, 2007, defendant answered the amended complaint and agreed to a Consent Scheduling Order which was "so ordered" by Your Honor on September 24. On November 12, 2007, plaintiff served document requests and interrogatories on defendant, and responses were due on or about December 17. Defendant has not responded to these demands and remains in default to this day. On December 19, I sent an e-mail to Sanddeep Chatrath (counsel for defendant) informing him that defendant had defaulted in its discovery responses. In a December 21 responsive e-mail, Mr. Chatrath did not dispute that his client was in default of its discovery obligations; instead, he advised that he was attempting to contact his client. In a January 11, 2008 e-mail, I reminded Mr. Chatrath of his client's default and also reminded him of his month's old promise to supply me with financial documents concerning his client's purported insolvency.[1] That same day, Mr. Chatrath e-mailed me a total of 3 pages which purport to be the first page of defendant's 2004, 2005 and 2006 Form 1120S tax return. Mr. Chatrath also advised that the 2007 return had not yet been prepared but that he had been advised by his client that the company experienced a "substantial loss" in 2007 as well. Later that same day, I replied to Mr. Chatrath by e-mail that

---

[1] As early as August 10, 2007, Mr. Chattrath advised me that his client was insolvent and that he would provide me with documentation evidencing that financial condition.

NYC 295126.1

EDWARDS ANGELL PALMER & DODGE LLP

Hon. Lewis A. Kaplan
March 11, 2008
Page 2

the limited documentation he supplied was insufficient to satisfy his discovery obligations. Mr. Chattrath never responded to my January 11 e-mail.

On February 28, I contacted Mr. Chatrath by telephone for purposes of having a meet and confer concerning defendant's failure to respond to our discovery demands. On February 29, I spoke to Mr. Chatrath by telephone, reminded him that he was in default of the November document demand and interrogatories, and informed him that I intended to write to the Court to seek leave to file a motion to compel. Mr. Chatrath advised me that he would respond to my discovery demands by Monday, March 3. I advised him that if I did not receive responses that day, I would seek Court relief. Needless to say, I did not receive any discovery responses or documents from defendant on March 3.

Thereafter, I sent a March 5 letter to Magistrate Judge Gorenstein. On March 6, I was contacted by Magistrate Gorenstein's law clerk who informed me that although Magistrate Judge Gorenstein had been assigned to the case, the case had not yet been referred to Magistrate Judge Gorenstein, and that I should write directly to Your Honor instead. That same day, after having received a copy of my March 5 letter to Magistrate Judge Gorenstein, Mr. Chatrath e-mailed me and stated that he would send me discovery responses on March 7. To date, I have not received any discovery responses.

Given defendant's failure to date to respond to all discovery demands (which have been overdue since late December), I respectfully request a conference with the court to seek permission to file a motion to compel, or alternatively and/or a motion to strike defendant's Answer.

Respectfully submitted,

/s/ Andre K. Cizmarik
Andre K. Cizmarik

cc: Sanddeep Chatrath (counsel for Defendant) (via facsimile)

NYC 295126.1

**MEMO ENDORSED**

No conference or motion needed.

SO ORDERED
Lewis A. Kaplan, USDJ
3/17/08